57 F.3d 1072
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Allen WASHBURN, Defendant-Appellant.
 No. 94-6292.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1995.
 
 On Appeal from the United States District Court for the Western District of Kentucky, No. 93-00122; Edward H. Johnstone, District Judge.
 W.D.Ky.
 REVERSED.
 Before: JONES and NORRIS, Circuit Judges; DOWD, District Judge.*
 OPINION
 PER CURIAM.
 
 
 1
 Defendant, Michael Allen Washburn, appeals from the sentence he received following his guilty plea to one count of conspiring to steal money from the Drug Enforcement Agency. Defendant argues that the district court erred by imposing an upward departure under the Federal Sentencing Guidelines on the ground that his criminal history category underrepresents his criminal history. Because the record does not support this departure, we remand for resentencing.
 
 I.
 
 2
 Defendant pleaded guilty to one count of conspiracy to steal, purloin, and knowingly convert money of a United States Agency in violation of 18 U.S.C. Sec. 641. The charge stemmed from defendant's attempt to sell undercover agents a kilogram of imitation cocaine for $33,000. During the course of the offense, defendant brandished a .38 caliber semi-automatic pistol.
 
 
 3
 Under the terms of a plea agreement, defendant pleaded guilty to the Sec. 641 charge, and the government dropped three other charges. By this agreement, defendant also acknowledged that his use of a firearm during the commission of his crime warranted a two-level upward departure under Sec. 5K2.6 of the guidelines.
 
 
 4
 The probation department determined defendant's total offense level to be eight and his criminal history category to be II. The two-level departure raised his offense level to ten which resulted in a guideline range of eight to fourteen months in prison.
 
 
 5
 At a hearing before District Court Judge Johnstone, the government recommended a prison sentence of twelve months. Defendant requested an eight-month term. The district court then informed the parties that it was going to depart from the guidelines in excess of the two-level increase to which they had agreed. The court imposed a sentence of sixteen months in prison. At the sentencing hearing, and again in its written statement of reasons for the sentence, the court made clear that the increase above the parties' agreement resulted from a one-category increase in defendant's criminal history category based on the finding that category II underrepresents defendant's criminal history.
 
 II.
 
 6
 In this appeal, defendant does not contest the two-level upward departure he received pursuant to Sec. 5K2.6 for using a firearm during his offense. He argues only that the court abused its discretion by departing further based on his criminal history.
 
 
 7
 In imposing the additional departure, the court explicitly relied on Sec. 4A1.3 of the guidelines which authorizes an upward departure "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." Defendant contends that no such reliable information exists here.
 
 
 8
 The uncontested presentence report indicates that defendant's criminal history consisted of two juvenile offenses which were consolidated for sentencing purposes. Defendant received one criminal history point for each offense, and his total of two placed him in criminal history category II. U.S.S.G., Ch. 5, Pt. A, table (two or three criminal history points translates to category II).
 
 
 9
 In sentencing defendant, the district court gave the following explanation for departing beyond the parties' agreement:
 
 
 10
 I cannot disregard his criminal history. I cannot disregard the flourishing [sic] of a weapon.... [My] concern is the safety of the public and to think the young man at the age of 17 would be flourishing [sic] weapons--I think the United States Attorney General only yesterday conducted proceedings which addressed the problem of weapons in the hands of juveniles. That's one of the serious concerns that the country has, weapons in the hands of juveniles. And I think in the future you're going to see more and more strenuous prosecutions of youngsters that take weapons to school, attack teachers and other students. So those two things, the criminal history that this young man's exhibited and the use of that weapon.
 
 
 11
 We agree with defendant that this explanation fails to cite any evidence in support of the court's conclusion that criminal history category II underrepresents defendant's record. Absent such evidence, application of Sec. 4A1.3 is inappropriate. See United States v. Hernandez-Vasquez, 884 F.2d 1314, 1316 (9th Cir.1989) (an upward departure under Sec. 4A1.3 is not warranted in the absence of evidence that a defendant's "record differed significantly from others in the same category").
 
 
 12
 The district court seemed primarily concerned with defendant's use of a weapon during the instant offense. Although this conduct might have justified an additional departure under Sec. 5K2.6, it cannot support a departure under Sec. 4A1.3. If a criminal act was " 'part of the [sic] "the same course of conduct ... as the offense[s] of conviction," then, as a matter of law, it was an impermissible ground upon which to base a criminal history departure.' " United States v. Adudu, 993 F.2d 821, 824 (11th Cir.1993) (quoting United States v. Jones, 948 F.2d 732, 737 (D.C.Cir.1991)).
 
 
 13
 Disregarding the district court's discussion of defendant's weapon use, no reasoned explanation supports the additional departure. We have held,
 
 
 14
 When a sentencing court concludes that departure is proper, it must provide a "specific reason" supporting its decision to depart, which is satisfied by a short, written or reasoned statement from the bench identifying the aggravating factors and the court's reasons for connecting them to permissible grounds for departure. The court's statement must be more than conclusory; it must identify the specific reasons why the guideline range is inadequate and underrepresents the defendant's criminal history.
 
 
 15
 United States v. Thomas, 24 F.3d 829, 833-34 (6th Cir.) (internal citations omitted), cert. denied, 115 S.Ct. 453 (1994).
 
 
 16
 Here, the district court failed to adequately explain the application of Sec. 4A1.3. Although in some cases we might remedy this type of error by remanding with instructions to provide an appropriate explanation, we see no reason to do so here. Our review of the record reveals a complete absence of any reliable information indicating that criminal history category II underrepresents the seriousness of defendant's past conduct or the likelihood that he will commit other crimes in the future. Moreover, the government fails to point to any such information. Accordingly, we conclude that the district court erred in departing under Sec. 4A1.3, and remand for resentencing. On remand, the district court should sentence defendant within the guideline range resulting from offense level ten and criminal history category II, eight to fourteen months.
 
 III.
 
 17
 The upward departure under Sec. 4A1.3 is reversed and this cause is remanded to the district court for resentencing consistent with this opinion.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation