# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2010

No. 09-10179

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMAL STEPHENS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-161-A
USDC No. 4:08-CR-107-A

Before GARWOOD, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Jamal Stephens (Stephens) appeals his criminal sentencing proceeding that dramatically departed from the Sentencing Guidelines ("USSG") based on unprosecuted offenses. The case involves the application of the USSG and federal statutes to determine if the sentence imposed is procedurally and substantively unreasonable. Because the district court committed procedural

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10179

error in computing the upward departure in this upward departure Guidelines sentence, we vacate the sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

Stephens was implicated in seven robberies during the months of April-June in 2008. Stephens first robbed the Security One Bank in Arlington, Texas on April 14 and subsequently an EZ Money loan store in Arlington on May 2. On May 9, Stephens robbed both the Compass Bank and Comerica Bank in Arlington. After these four robberies, Stephens was arrested during an unrelated traffic stop on an outstanding warrant for military desertion by the Rockwall police in Texas. A search of the vehicle in Rockwall uncovered a suitcase full of drugs, $10,962 in cash (later confirmed by the FBI as cash from two of the bank robberies), and a black Kel-Tec 9 mm semi-automatic pistol. Stephens admitted to ownership of the suitcase, but no drug or firearm charges were filed because Stephens agreed to cooperate as a confidential narcotics informant. Undeterred, Stephens committed his fifth and sixth robberies on May 28, robbing both the Guaranty Bank in Fort Worth and Compass Bank in Arlington. The seventh robbery occurred when Stephens left Texas to join his aunt in Georgia where he robbed the Wachovia Bank in Columbus, Georgia. Stephens was eventually arrested in Georgia, and he confessed to the six Texas robberies and one Georgia robbery. These seven robberies involved the use of a pellet gun and, allegedly, a handgun. He was charged with a one-count federal indictment for bank robbery in the Middle District of Georgia and a four-count federal indictment for bank robbery in the Northern District of Texas. His Georgia indictment was later transferred to Texas for rearraignment and sentencing. Stephens pleaded guilty to the federal Georgia indictment without

2

No. 09-10179

a written plea agreement. He also pleaded guilty to count four of the Texas federal indictment (the May 28 robbery of Compass Bank) and stipulated to count three (the May 28 robbery of Guaranty Bank) in his factual resume in exchange for dismissal of counts one, two and three in the Texas indictment.

The PSR and Sentencing Proceedings

The PSR calculated Stephens's combined total offense level to be 26 based on the May 28th Texas robbery and the June 30th Georgia robbery.[1] Stephens's criminal history score was calculated at I because he had no prior convictions or criminal history points. The Guidelines range for imprisonment was 63 to 78 months, but the PSR noted that an upward departure under § 5K2.21 would be available if the court determined by a preponderance of the evidence that Stephens's three additional uncharged bank robberies and use of a semi-automatic weapon during the May 9 robberies represented a lower Guidelines range than normally would apply. The PSR hypothesized that conviction or stipulation of all the bank robberies (excluding the EZ Money robbery), would have yielded an offense level of 30, not 26, resulting in a range of 97 to 121 months of imprisonment. Neither party objected to the PSR.

---

[1] The PSR calculated a base offense level of 20 pursuant to USSG § 2B3.1(a), plus two additional levels because the offense involved taking property from a financial institution under § 2B3.1(b)(1). Further, three more levels were added for Stephens's possessing and brandishing of a dangerous weapon under § 2B3.1(b)(2)(E). The Georgia robbery was calculated with the same base levels and enhancements plus an additional level because the loss involved was greater than $10,000 but less than $50,000 pursuant to § 2B3.1(b)(7)(B). Then, a multiple-count adjustment under § 2D1.1 arrived at a combined offense level of 29. This number was reduced by three levels for acceptance of responsibility for a combined offense level of 26.

No. 09-10179

In its February 5, 2009 order, the district court expressed concern about accepting the plea agreement because the Government did not plan to prosecute the additional robberies or resulting gun offenses under 18 U.S.C. § 924(c). The court theorized that conviction for the § 924(c) offenses would have resulted in a mandatory 684-month sentence, consecutive to Stephens's robbery sentence. Further, the court noted that Stephens could not be required to pay restitution to the banks and stated the sentence should be "significantly above the top of the advisory guideline range" to adequately address Stephens's criminal conduct.

The Government explained its decision not to pursue § 924(c) charges, stating it did not believe it could prove the offenses beyond a reasonable doubt because (1) Stephens only confessed to all the robberies with the use of a pellet gun, (2) the May 9 tellers were unable to identify Stephens in a photo lineup, (3) one of these tellers had not mentioned Stephens using a gun, (4) the other teller mentioned Stephens used a silver gun, and (5) a black, not silver, gun was the only weapon confiscated during the May 14 arrest. The Government did advise the court it could depart from the Guidelines if it found by a preponderance of the evidence that Stephens did use a firearm during the robberies.

The district court accepted the plea agreement but found that Stephens had used a firearm in three of the robberies. The court also found that Stephens's use of the firearm during the EZ Money robbery did not result in a § 924(c) offense because the robbery could not be federally prosecuted. The district court determined that the use of the firearm during the April and May robberies resulted in three § 924(c) gun offenses and that Stephens used a pellet gun in the later robberies only because his gun had been seized during the May 14 arrest.

4

No. 09-10179

Stephens objected to these findings and contended that there was not sufficient evidence to establish his use of a real gun during the May 2 and May 9 robberies by a preponderance of the evidence because of the contradictory gun descriptions in the offense reports. Stephens further asserted that even if the court could find that a real gun was used during those robberies, that the court could not use the mandatory minimums under § 924(c) to justify an upward departure because the Guidelines already accounted for the use of any firearms through Guideline enhancements.

The district court sentenced Stephens to 240 months on each count, to be served concurrently, followed by a three-year term of supervised release and ordered $21,908 in restitution to be paid. The court based its upward departure on § 5K2.21 to reflect the seriousness of the conduct and for charges dismissed or not pursued as part of the plea agreement.[2] The court emphasized the following additional factors: i) Stephens's propensity to violence, as evidence by use of pellet and/or firearms during the robberies, ii) the inability to order restitution, and iii) Stephens's commission of three additional robberies following his May 14 arrest and release.

In addition to the oral reasons given during the sentencing proceedings, the district court also provided a written Statement of Reasons ("SOR") for Stephens's sentence. The court provided many of the same reasons given at sentencing as well as two additional considerations. The SOR reiterated that

---

[2] The court relied on the charges from the PSR and those admitted by Stephens "to the extent those other robberies also involved gun offenses, the gun offenses were not taken into account in the guideline calculations."

No. 09-10179

the court departed upwardly pursuant to § 5K2.21 to reflect the seriousness of the crimes, the uncharged robberies, and the uncharged § 924(c) offenses.

The court calculated that convictions on seven robberies would have resulted in a Guideline range of 97 to 121 months and three § 924(c) offenses would have resulted in a consecutive 684-month term. Moreover, the court noted that the banks suffered combined losses of over $44,000, which could not be corrected by restitution, and concluded that the restitution portion of Stephens's sentence did not adequately reflect the actual losses resulting from his criminal conduct.

For the first time, the court also stated that it had upwardly departed under § 4A1.3 because Stephens's criminal history category substantially under-represented the seriousness of his criminal past and the likelihood that he would commit future crimes. Furthermore, the court indicated that it was basing its departure from the Guidelines on a hypothetical Guideline calculation determined by the court. This hypothetical guideline was calculated by using, without explanation, an offense level of 31 and criminal history score of VI. The resulting hypothetical yielded a range of 188 to 235 months of imprisonment. Lastly, the court stated that under the advisory Guidelines range, §§ 4A1.3 and 5K2.21, and § 3553(a) factors, a sentence of 240 months, while "a rather significant upward departure, [was] necessary to reflect the seriousness of the defendant's actual offense behavior, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant."

## STANDARDS OF REVIEW

The district court's findings of fact related to sentencing are reviewed for clear error. *United States v. Castillo*, 430 F.3d 230, 238-39 (5th Cir. 2005). We

No. 09-10179

review de novo whether the sentence imposed is procedurally sound, including the accuracy of the advisory Guideline calculations and explanations for deviations from the Guideline's range. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008).

Upward departures that are authorized by the Guidelines are considered a Guideline sentence. *See United States v. Tzep-Mejia*, 461 F.3d 522, 525 (5th Cir. 2006). Unusually harsh sentences must be explained with sufficient justifications because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46. Because we find procedural errors, we do not consider the second step of the substantive reasonableness of the sentence under the factors in 18 U.S.C. § 3553(a). *Id.*

DISCUSSION

I. Upward departures for the same conduct under Sections 4A1.3 and 5K2.21

Stephens challenges the district court's sentencing calculation.[3] He maintains that § 4A1.3 is a permissible basis for departure on its own or as a potential alternative to vertical departure under § 5K2.21, but contends that the same uncharged conduct cannot serve as a basis for both offense-level departure under § 5K2.21 and criminal-history departure under § 4A1.3.

---

[3] Specifically, the lack of explanation in calculating its hypothetical guideline range of 128 to 235 months on an offense level of 31 and criminal history category of VI when the PSR found the range for the six robberies that involved the use of firearms in some of the crimes to be 97 to 121 months, based on a total offense level of 30 and criminal history category of I.

No. 09-10179

In *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009), we held that an upward departure under § 4A1.3 and § 5K2.0 was error. Although the lower court could use § 4A1.3 as a proper basis under the facts for allowing criminal-history enhancements, § 4A1.3 was not a proper basis to increase the offense level. *See id.* Also, § 5K2.0 could not justify a departure of offense levels based on the culpability of a prior conviction. *See id.* at 255. In *United States v. Cade*, 279 F.3d 265, 272 (5th Cir. 2002), we held that a defendant's prior state sentences could not be used as the basis for an upward departure under § 4A1.3 when it was already considered in the calculation of his offense level under § 1B1.1. In *Cade*, the district court considered Cade's state sentences as relevant conduct to the instant offense. We noted that the district court could not then use these state sentences in Cade's criminal history score because they were used as relevant conduct, which is considered "part of the instant offense," and not prior sentences as defined by § 4A1.2. We analyzed the case of *United States v. Hunerlach*, 258 F.3d 1282 (11th Cir. 2001), and adopted the reasoning of the *Hunderlach* court that once a district court determines a sentence as relevant conduct to the instant offense to adjust the offense level, it cannot then be used as a basis for a criminal history category departure under § 4A1.3(a).[4]

---

[4] *See Cade*, 279 F.3d at 271 (citing *Hunderlach*, 258 F.3d at 1286-87; *United States v. Baird*, 109 F.3d 856, 863 n.4 (3d Cir. 1997); *United States v. Washburn*, 5 F.3d 1072 (6th Cir. 1995) (unpublished); *United States v. Jones*, 948 F.2d 732, 737 n. 11 (D.C. Cir. 1991); *United States v. Kim*, 896 F.2d 678, 683 (2d Cir. 1990)).

No. 09-10179

Here, there is no dispute between the parties that the district court attempted an upward departure guideline sentence. However, when a court uses relevant conduct (uncharged offenses) to upwardly depart by offense levels, it should not then use this conduct to add to the criminal history category. *Gutierrez-Hernandez* dealt with the district judge's procedural error of trying to change the offense level when the Guideline justifications only allowed for a change in the criminal history category. *See* 581 F.3d at 254-55. In the instant case, the district court committed procedural error under the first step in *Gall* in attempting a departure under a Guidelines sentence by increasing Stephens's offense level from 26 to 31 and criminal history category from I to VI while justifying such a departure under the Guidelines based on the same uncharged conduct under § 4A1.3 and § 5K2.21.

## II. Section 924(c) Offenses and Mandatory Minimum Sentences

### A. *Factual Findings on Gun Usage*

Stephens contends that the district court's determination that Stephens used a real firearm and not a pellet gun in the May 2nd and May 9th robberies constitutes error. As stated previously, factual findings are reviewed for clear error. *See Armstrong*, 550 F.3d at 404. The PSR stated that Stephens used a firearm in the May 2nd and May 9th robberies. Stephens did not object to the PSR; instead, he objected to the sentencing findings on grounds of insufficient evidence. A district court may consider all relevant, even inadmissible, evidence in making factual findings. *See United States v. Patterson*, 962 F.2d 409, 415 (5th Cir. 1992). A district court may adopt findings in the PSR without additional inquiry if a sufficient indicia of reliability exists and if the defendant does not present rebuttal evidence or otherwise demonstrate that the

No. 09-10179

information is materially unreliable. *United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009).

Stephens furnished the witnesses' statements from the robberies that indicated that the robber carried "a silver handgun, possibly a revolver," that he was brandishing a pistol, and that he had a silver semi-automatic handgun. These statements corroborated the findings of the PSR that a handgun and not a pellet rifle were used. While Stephens points out that the arrest report mentions that a *black* pistol was confiscated, this error is insufficient to demonstrate clear error as to the finding that Stephens used a *firearm* during the robberies. The district court's determination that Stephens used a firearm during the May 2nd and May 9th robberies is plausible in light of the record as a whole, and therefore, not clearly erroneous.

B. *Uncharged 924(c) Offenses in Calculation of Sentence*

Stephens also complains of the district court's calculation inasmuch as it used uncharged § 924(c) offenses as the basis for a § 5K2.21 departure when it also applied an offense level enhancement under § 2B3.1(b)(2). We find this calculation goes against the policy behind § 2K2.4.

Section 2B3.1(b)(2) lays out differing offense level increases based on the usage of the firearm from adding 2 levels up to 7 additional offense levels. Moreover, § 2B3.1(b)(2) can only be applied if a defendant is not convicted of a § 924(c) offense, but if the Government charges and proves a § 924(c) violation, § 2K2.4 prohibits application of this separate offense enhancement. Here, the district court applied an offense level enhancement in the instant case under § 2B3.1(b)(2)(E). By finding § 924(c) violations and then attempting to stack those enhancements under § 5K2.21, the district court committed procedural error.

No. 09-10179

The district court did not properly compute an upward departure Guideline sentence.[5] Accordingly, the sentence is VACATED, and we REMAND for resentencing consistent with our opinion.

---

[5] We note, without comment, that the district court retains discretion on remand to make a determination on the propriety of a non-guideline sentence but must first compute a proper guideline sentence before attempting to make a proper non-guideline sentence or upward guideline departure otherwise in conformity with the law.