# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2011

Lyle W. Cayce
Clerk

No. 10-10778
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMAL STEPHENS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-107-1
USDC No. 4:08-CR-161-1

Before  JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

After he was implicated in a string of robberies occurring between April and June 2008, Jamal Stephens pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and he was sentenced to 240 months, pursuant to significant departures under the Guidelines.  On initial appeal, this court determined that the district court's guidelines calculations constituted procedural error, vacating the judgment and remanding for resentencing.  *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Stephens,* 373 F. App'x 457 (5th Cir. 2010).  On remand, the district court imposed a non-guidelines sentence of 240 months on each count of conviction, to be served concurrently, determining that such a variance was necessary under 18 U.S.C. § 3553(a) to reflect the nature and circumstances of the offense and the need for the sentence to provide punishment, deterrence, and protection to the public.  Stephens now appeals the sentence imposed on remand for resentencing.

Relying on Justice Scalia's concurring opinions in *Rita v. United States*, 551 U.S. 338, 368-84 (2007), and *Gall v. United States*, 552 U.S. 38, 60 (2007), Stephens argues that his sentence violates his Sixth Amendment right to a jury trial because, but for the district court judge's finding that he possessed firearms during several robberies, a fact which he has never admitted, it would not pass muster under reasonableness review as set forth in the remedial opinion in *United States v. Booker*, 543 U.S. 220 (2005).  However, as the Government contends, and Stephens apparently concedes, his as-applied Sixth Amendment challenge is foreclosed.  *United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir. 2011) (footnote omitted), *cert. denied*, ___ S. Ct. ___ (June 13, 2011) (No. 10-10440) (holding that "[i]rrespective of whether Supreme Court precedent has foreclosed as-applied Sixth Amendment challenges to sentences within the statutory maximum that are reasonable only if based on judge-found facts, such challenges are foreclosed under [this court's] precedent.").

Stephens next argues, for the first time, that his sentence is unreasonable because the district court failed to consider the need to avoid unwarranted sentencing disparities, as required by § 3553(a)(6).  Citing statistics which purport to show that defendants convicted of robbery in the Northern District of Texas are more likely to receive sentences that vary or depart upward from the guidelines range than defendants convicted of robbery elsewhere, Stephens contends that the district court's non-guidelines sentence subverts the purpose of the Guidelines and of § 3553(a)(6).

Because Stephens provides no information about the particular aggravating or mitigating facts concerning any other robbery defendant, he has failed to show that any sentencing disparity is unwarranted. *See United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007) ("National averages of sentences that provide no details underlying the sentences are unreliable to determine unwarranted disparity because they do not reflect the enhancements or adjustments for the aggravating or mitigating factors that distinguish individual cases."). Moreover, the district court specifically determined that the instant case fell outside of the heartland of bank robbery cases, relying on significant factors not accounted for in Stephens's guidelines range. Consequently, any disparity between the sentence he received and those received by other defendants with his guidelines range was not unwarranted and does not give rise to reversible plain error. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Stephens additionally contends that the extent of the variance in his case was unreasonable because the court failed to adequately consider his youth and lack of a criminal record. As he did below, he asserts that he is not "'the worst of the worst'" bank robbers, and he complains that varying upwardly to the statutory maximum was excessive in his case given that he was a 19-year-old first-time offender who engaged in a two-month robbery spree during which no one was actually harmed.

The district court tied the reasons for its sentence to specific facts and particular § 3553(a) factors which were sufficient to justify the extent of the variance. *See Gall*, 552 U.S. at 49-50. The court made an individualized assessment and was free to conclude, as it did, that the guidelines range in Stephens's case gave insufficient weight to some of the sentencing factors, including the seriousness of the offense, specifically his use of guns, the need to protect the public from further crimes committed by Stephens in light of his

repeated bank robberies, and the need for deterrence. *See* § 3553(a). Stephens's argument is, in essence, a disagreement with the weight that the district court gave to the relevant sentencing factors, particularly his criminal history, but this disagreement does not amount to a showing that the court abused its discretion in imposing his sentence. *Cf. Smith*, 440 F.3d at 708. To the extent that Stephens seeks to have this court reweigh the § 3553(a) factors, his request is unavailing. This court will not reweigh the § 3553(a) factors as that would contravene the deferential review mandated by *Gall*. *See Gall*, 552 U.S. at 51 (directing appellate courts to "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance" and stating that the fact this court might reasonably conclude that a different sentence might be appropriate is insufficient to justify reversal).

Although the variance in this case was significant, this court has upheld as reasonable similarly significant variances. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 492-93 & n.40 (5th Cir. 2005); *United States v. Saldana*, 427 F.3d 298, 312-13 (5th Cir. 2005); *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995). Stephens has not shown that the sentence he received is substantively unreasonable. Accordingly, the district court's judgment is AFFIRMED.