# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2010

No. 09-10205
No. 09-10206

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEXTER D WILLIAMS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-151-A
USDC No. 4:08-CR-57-A

Before GARWOOD, WIENER, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Dexter Williams (Williams) appeals from the sentence imposed upon his conviction for bank robbery and from the sentence revoking his supervised released for a previous bank robbery. His principal complaint relates to the sentence received in his latest bank robbery conviction in which the district court considered facts from his PSR but not included in his charging

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10205
No. 09-10206

documents to upwardly depart from the Sentencing Guidelines ("USSG") based on prior offenses. The case involves the application of the USSG and federal statutes to determine if the sentence imposed is procedurally and substantively unreasonable. Because the district court committed procedural error in computing the upward departure in this upward departure guideline sentence, we vacate the sentence and remand for a new sentencing hearing.

FACTUAL AND PROCEDURAL BACKGROUND

Williams was charged in Texas state court with sexually assaulting the daughters of his ex-girlfriend in 1996. He was taken into custody in November 1996. In March 1999, he pled guilty to two counts of the lesser offense of indecency with a child-contact. His sentence amounted to time served, and he was released from prison without parole or supervision.

In 2000, Williams was charged in a three-count indictment with bank robbery. As part of a plea agreement he pled guilty in federal court to one count of bank robbery and admitted to the facts of the other two counts in exchange for the Government dismissing the other two counts. He was sentenced to ninety-six months in prison and three years of supervised release. In May 2007, he was released from prison and began his supervised release. In the instant case, he was charged in a one-count federal indictment for bank robbery committed on August 29, 2008. The Government then moved to revoke his supervised release for the 2000 bank robbery conviction.

Due to Williams's two prior felony convictions in Texas for indecency with a child-contact, the PSR prepared for the 2008 robbery case recommended that Williams be considered a career offender for crimes of violence for purposes of §

2

No. 09-10205
No. 09-10206

4B1.1. Williams objected to the PSR's determination and in a telephone conference, the district judge stated that regardless of whether Williams was a career offender or not, "I can disregard all these things and simply impose a reasonable sentence that would take into account that [Texas child convictions] conduct." The Government noted that under *Shepard v. United States*, 544 U.S. 13, 26 (2005), the district judge could not consider facts presented in the PSR but not also contained in the charging documents or admitted by Williams. Later, the Government acknowledged at sentencing that the convictions could not be categorized as crimes of violence using only the documents permitted by *Shepard*. The court sustained Williams's objection but stated it was "ludicrous" that facts outside the charging documents could not be considered and decided that "those things have to be taken into account" and would result in a "significant departure above the top of the guidelines range." Williams's offense level was then set at 21 with a criminal history category of V, which resulted in a guideline range of 70 to 87 months.

The court imposed a 188-month sentence using § 4A1.3(a)(1) as justification due to Williams's criminal history being underrepresented by his likelihood to commit future crimes. The district court explained that paragraphs 43 and 44 of the PSR swayed his decision.[1] These paragraphs described facts underlying the Texas convictions for indecency with a child not covered by the charging documents. The court also based its departure on Williams's additional

---

[1] As indicated, Williams objected to the consideration of these facts. He not only did not admit to the facts contained in the PSR relative to his state conviction, but he disputed the facts.

3

No. 09-10205
No. 09-10206

uncharged bank robberies in 2000 and 2008. The district court determined that Williams would have received a guideline range of imprisonment of 151 to 188 months if he had been classified as a career offender. The court determined that a range of 151 to 188 months would achieve the objectives described in § 3553(a) and imposed a 188-month prison term followed by three years of supervised release. The court arrived at this sentence by putting Williams in the criminal history category of VI pursuant to § 4A1.3(a)(4)(A) and increased the offense level by 8 levels for a total of 29 under § 4A1.3(a)(4)(B) resulting in a range of 151 to 188 months. As a condition of supervised release, the court ordered Williams to participate in sex-offender treatment "until successfully discharged."

Next, the district court held a hearing on the Government's motion to revoke Williams's supervised release, which Williams had admitted to as true. Williams requested the sentence run concurrently because the court had upwardly departed from the original 70 to 87 month range with the 188-month sentence. The court found the release conditions to be violated and imposed a maximum 24-month sentence to run consecutive to the bank robbery sentence. The sentence was within the range recommended by §§ 7B1.3(f) and 7B1.4(a) (Policy Statements).

STANDARDS OF REVIEW

In deciding if a district court arrived at an appropriate sentence, we first determine whether the district court committed any procedural errors, including an improperly calculated range under the guidelines and a sentence based on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court's interpretation and application of the USSG is reviewed de novo.

4

No. 09-10205
No. 09-10206

*United States v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008); *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). The district court's findings of fact related to sentencing are reviewed for clear error. *United States v. Castillo*, 430 F.3d 230, 238-39 (5th Cir. 2005). If the sentence is procedurally sound, then this Court determines whether the sentence is substantively reasonable under the factors in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 51.

This Court recognizes three types of sentences: i) a sentence within the guidelines range, ii) an upward/downward departure as allowed by the USSG, and iii) a non-guidelines sentence or variance that is outside the guidelines. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Upward departures that are authorized by the guidelines are considered guideline sentences. *See United States v. Tzep-Mejia*, 461 F.3d 522, 525 (5th Cir. 2006).

We apply a presumption of reasonableness to guideline sentences and review for abuse of discretion sentences that include an upward or downward departure as provided for in the guidelines. *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 255 (5th Cir. 2009). Unusually harsh sentences must be explained with sufficient justifications because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46. A district court abuses its discretion when it departs for "legally unacceptable reasons" or when the "degree of the departure is unreasonable." *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006).

No. 09-10205
No. 09-10206

DISCUSSION

I. District Court's Upward Departure

Section 4A1.3(a)(1) authorizes a district court to upwardly depart from the guidelines range when the defendant's criminal history category "substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." The court is also allowed to move to a higher offense level if the district court finds that the extent and nature of the defendant's criminal history warrant a departure beyond category VI. § 4A1.3(a)(4)(B).

Here, the district court found that Williams's criminal history category substantially underrepresented his likelihood to commit future crimes and upwardly departed based on a USSG provision. Thus, the decision to depart and extent of departure is considered a within-guidelines sentence, *Tzep-Mejia*, 461 F.3d at 525, and is reviewed for abuse of discretion. *Zuniga-Peralta*, 442 F.3d at 347.

A. *Career-Offender Criteria and Section 994*

Williams first contends that *United States v. Gomez-Herrera*, 523 F.3d 554 (5th Cir. 2008) establishes that only those who meet the career-offender criteria should receive sentences at or near the statutory maximum. His interpretation of 28 U.S.C. § 994(h) and § 4B1.1 means that Congress intended to exclude non-career offenders from receiving similar penalties (sentences at or near the statutory maximum). However, Williams's first argument fails. *Gomez-Herrera* dealt with a defendant who argued that the district court should be permitted to consider the sentencing disparities between courts that participated in the

6

"fast track" disposition program for defendants charged with illegal re-entry and those courts, like the one he was in, that did not. *Gomez-Herrera*, 523 F.3d at 557. We noted that Congress had intended to create a sentencing disparity on the basis of a whether a district participated in the program; thus, a district court could not deviate from the USSG because of disparity intended by Congress. *Id.* at 563. The fast-track program at issue in *Gomez-Herrera* is distinguishable because Congress expressed its intent that certain sentencing benefits would be given to one class of defendants to the exclusion of another. *See id.* at 562-63. Section 994(h) does not suggest that *only* those who meet the career-offender criteria should receive such a sentence; thus, non-career-offender defendants may receive similar sentences.

B.    Shepard*'s Prohibition on Using Facts Outside the Charging Document*

Next, Williams argues that the district court considered documents prohibited by *Shepard* to depart upwardly and sentence him as a career offender even though he did not qualify for the career-offender sentencing enhancement. *Shepard* prohibits a district court from considering facts not contained in the charging documents. *Shepard*, 544 U.S. at 26; *United States v. Mohr*, 554 F.3d 604, 607 (5th Cir. 2009); *see United States v. Garza-Lopez*, 410 F.3d 268, 273-74 (5th Cir. 2005) (noting that a district court may not rely on a PSR's characterization of an offense to support an enhancement). We recently held in *Guiterrez-Hernandez*, that a district court could not circumvent the *Shepard* rule by supporting its decision to upwardly depart on facts it was prohibited from considering when determining whether sentencing enhancements were

warranted. *Gutierrez-Hernandez*, 581 F.3d at 255. In that case, the district court stated that it was prohibited from considering a police report in deciding whether the defendant's drug crime qualified for a felony drug-trafficking enhancement under § 2L1.2, but then relied on the facts in the police report to conclude that the defendant sold cocaine and justified an upward departure under § 5K2.0 based on these facts. *Id.* We determined that procedural error had occurred because no valid basis to support the upward departure existed. *Id.*

Here, *Shepard* controlled which documents the district court could consider for purposes of using Williams's prior Texas convictions to enhance his sentence, and the court relied on these prior Texas convictions to depart upward under § 4A1.3 after finding inadequate bases to support the enhancement. This occurred after the district court correctly decided that it could not consider information outside the charging documents to determine if the Texas convictions constituted crimes of violence, which would qualify him as a career offender. Moreover, the district court explicitly noted that paragraphs 43 and 44 of the PSR were taken into consideration. These paragraphs contain facts about the Texas convictions not included in the charging document. Finally, the district court justified Williams's greater risk to the community "based on those things [bank robberies and indecency convictions] mentioned" in the PSR. The Government correctly points out that Williams's criminal history of four felony convictions (the two Texas convictions and the two bank robberies), a misdemeanor and admitting to four additional bank robberies, supports an upward departure or a non-Guideline sentence. These bank robberies included

8

No. 09-10205
No. 09-10206

notes that threatened violence to the bank tellers and were committed within a short time after his release from prison. However, as previously mentioned, a look at the whole record shows the district court focused on the indecency convictions,[2] as well as the bank robberies, to upwardly depart as a justification for its guideline sentence. Because the district court computed the upward departure by considering facts prohibited by *Shepard* and this Court's subsequent rulings,[3] it committed procedural error requiring new sentencing proceedings.

II. The Consecutive Sentence for Violation of Supervised Release

Williams's final argument asks this Court to review the district court's decision to impose a 24-month prison term to run consecutively, not concurrently, to his prison term for the bank robbery conviction. The purpose of a sentence imposed for violating the terms of supervised release is to punish the defendant for his breach of trust, and not for any criminal offense resulting in the revocation of his release. *See United States v. Payan*, 992 F.2d 1387, 1296-97 (5th Cir. 1993); U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b),

---

[2] Notably, (1) the court expressed its displeasure that it could not consider information outside the charging documents to impose career-offender enhancements throughout the proceedings, (2) it found it "too risky" to impose the career enhancements under § 4B1.1, (3) it then imposed the same guideline sentence as a career offender only using § 4A1.3 as justification, (4) it repeatedly expressed its intent to consider all available information and to impose a significant upward departure, and (5) the court made reference to the prohibited findings in the PSR's detailed description of the charges.

[3] We note, without comment, that the district court retains discretion on remand to make a determination on the propriety of a non-guideline sentence but must first compute a proper guideline sentence before attempting to make a proper non-guideline sentence or upward guideline departure otherwise in conformity with the law.

No. 09-10205
No. 09-10206

introductory cmt. (2009).  The USSG recognizes that the sanction for violation of trust should be consecutive (in addition) to the sentence imposed on the basis of the defendant's new criminal conduct.  *See* U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b); *id.* § 7B1.3(f) (requiring that a prison term imposed pursuant to a supervised release violation "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving"); *see also United States. v. Zamora-Vallejo*, 470 F.3d 592, 596 n.6 (5th Cir. 2006) (noting that while conduct which results in revocation of a supervised release might constitute a new criminal offense, that conduct is not being punished twice if the defendant receives two sentences).  Here, Williams received a sentence for his 2008 bank robbery conviction and a sentence for "breach of trust" by violating the terms of his supervised release for his 2000 bank robbery conviction.  The 24-month sentence for the supervised-released violation, while the maximum recommended, is still within the range recommended by the guideline policy statements.  Because the district court followed the policy mandates of § 7B1.3(f), it did not err for imposing a consecutive sentence for Williams's supervised-release violation.

The district court committed procedural error when computing the upward departure, guideline sentence.  Accordingly, the sentence imposed for the later conviction in appeal number 09-10206 is VACATED, and we REMAND for resentencing consistent with the opinion.  We find no error in the district court's decision to impose a consecutive sentence for Williams's supervised-release violation.  Accordingly, the sentence imposed in the revocation hearing in appeal number 09-10205 is AFFIRMED.

10