**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2011

No. 10-10775

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEXTER DWAYNE WILLIAMS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-151-1

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Dexter Williams appeals his bank robbery sentence on the ground that it is substantively unreasonable. Finding no abuse of discretion, we affirm.

I.

The presentence report ("PSR") calculated an offense level of 24 under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10775

U.S.S.G. § 2B3.1 because Williams stole bank funds and made a death threat to the teller. The PSR determined Williams to be a career offender because he had committed two crimes of violence in addition to his current bank robbery. *See* § 4B1.1(a). It accordingly adjusted his offense level to 32 and his criminal history category to VI. § 4B1.1(b). It then subtracted three levels for acceptance of responsibility, *see* § 3E1.1, for a net offense level of 29.

The PSR recommended that Williams be sentenced as a career offender because of the following:

- In 1990, he was arrested and subjected to Article 15 non-judicial punishment for altering a public document while in the Army.
- In 1996, he was charged with two counts of indecent contact with a child and one count of assault with bodily injury and sentenced to two years in prison on each indecency count and one year on the assault count.
- In 2000, he committee three bank robberies, all involving death threats. The government charged him with one, he pleaded guilty, and was sentenced to 96 months in prison.
- In 2008, while on supervised release from his previous robbery conviction, he committed three more bank robberies, two of which included death threats. He confessed to all three, but the government again only charged him with one, to which he pleaded guilty.

Based on Williams's career offender designation, the PSR recommended a guideline sentence of 151 to 188 months in prison.

## II.

Williams argued that the PSR erred in designating him as a career offender under *Shepard v. United States*, 544 U.S. 13, 26 (2005), because his indecency convictions could not be considered "crimes of violence" based solely on the charging documents or the facts that Williams had admitted. The district court agreed and adjusted his offense level to 21 and his criminal history category to V, yielding a guideline range of 70 to 87 months.

No. 10-10775

Finding it "ludicrous," however, that facts outside the charging documents could not be considered, the district court decided that "those things have to be taken into account" and departed upward from the range, sentencing Williams to 188 months, at the top of the range that would have resulted had Williams been considered a career offender.

Williams appealed, and this court vacated the sentence because the district court could not make an end-run around *Shepard* by departing upward based on facts it was prohibited from using to determine sentencing enhancements. *United States v. Williams* ("*Williams I*"), 373 F. App'x 451, 455-56 (5th Cir. 2010). The panel remanded for re-sentencing, noting that "Williams's criminal history . . . supports an upward departure or a non-Guideline sentence," *id.* at 456, and that the district court "retains discretion on remand to make a determination on the propriety of" such a sentence, *id.* at 456 n.3.

III.

On remand, the probation officer issued an addendum to the PSR that calculated a hypothetical guideline range that took Williams's two uncharged 2008 bank robberies into account. Including that conduct, the PSR stated that Williams' offense level would be 24, his criminal history category would be V, and his guideline range would be 92 to 115 months. It also suggested an upward departure pursuant to U.S.S.G. § 5K2.21 or an upward variance based on the 18 U.S.C. § 3553(a) factors.

The district court adopted the PSR's guidelines calculations. It found by a preponderance of the evidence that Williams had committed the two additional 2008 robberies for which he was not prosecuted. It then imposed an upward variance of 170 months, explaining that Williams's five prior convictions, the two uncharged robberies, and the fact that he committed his most recent bank robberies while on supervised release from his previous bank robbery conviction

3

No. 10-10775

indicated that he is a "serious danger to the public" and that his previous sentences failed to deter him. The court accordingly concluded that, based on Williams's characteristics and the nature and circumstances of his offense and criminal history, a 170-month sentence would best serve the § 3553(a) goals of punishment, deterrence, respect for the law, and protection of the public.

## IV.

Williams argues that his sentence is substantively unreasonable because (1) the entire Northern District of Texas has "flouted" Congress's statutory objective of reducing sentencing disparities and (2) his sentence is greater than necessary to serve § 3553(a)'s purposes. We review the reasonableness of a sentence for abuse of discretion, whether it is inside or outside the guideline range. *Gall v. United States*, 552 U.S. 38, 51 (2007). We consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* Our review is "highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (per curiam).

## A.

Williams points to statistics showing that, in 2009, 24.1% of defendants convicted of robbery in the Northern District of Texas were given upward departures or variances, as compared to 4.6% of defendants nationwide.[1] The num-

---

[1] *See* U.S. SENTENCING COMM'N, STATISTICAL INFORMATION PACKET, FISCAL YEAR 2009, NORTHERN DISTRICT OF TEXAS tbl.10, *available at* http://www.ussc.gov/Data_and_Statistics/-Federal_Sentencing_Statistics/State_District_Circuit/2009/txn09.pdf.

No. 10-10775

bers for 2008 were 15.5% for the district and 4% nationwide.[2]  He argues that those statistical differences show that judges in the district are too harsh on robbers.  But Williams must explain why *he* does not warrant an upward variance, because *his* offense, history, and characteristics do not warrant such a variance.[3]  That a court is less lenient than most on average does not necessarily make it too harsh in this case.

## B.

Williams contends more generally that his sentence was greater than necessary to effect the § 3553(a) sentencing factors.[4]  He relies on the fact that the sentence is higher than the hypothetical guidelines sentence that would apply if he had been convicted of his three most recent bank robberies rather than just one.  He notes that the hypothetical guideline range already incorporated all of the district court's reasons for upwardly departing from the guidelines.[5]

Williams is correct that the facts on which the district court relied were already reflected in the PSR addendum's hypothetical guideline range.  But a district court may "rely on factors already encompassed within the guidelines to

---

[2] *See* U.S. SENTENCING COMM'N, STATISTICAL INFORMATION PACKET, FISCAL YEAR 2008, NORTHERN DISTRICT OF TEXAS tbl.10, *available at* http://www.ussc.gov/Data_and_Statistics/-Federal_Sentencing_Statistics/State_District_Circuit/2008/txn08.pdf.

[3] *See Gall*, 552 U.S. at 50 ("[The district court[ must make an individualized assessment based on the facts presented."); *United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007) ("National averages of sentences that provide no details underlying the sentences are unreliable to determine unwarranted disparity because they do not reflect the enhancements or adjustments for the aggravating or mitigating factors that distinguish individual cases.").

[4] Williams does not argue on appeal that the district court committed procedural error in resentencing him, for example by inadequately explaining its sentence or again violating *Shepard*, so any such issue is waived.  *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000).

[5] Williams also reiterates that he did not carry weapons, harm anyone, or steal "significant" amounts of money.  But the district court did not upwardly vary from the guideline range for those reasons.

No. 10-10775

support a non-guidelines sentence." *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010). That is no less true in the case of hypothetical guidelines. Indeed, to hold otherwise "would essentially render the Guidelines mandatory." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).

The district court disagreed with the PSR addendum's hypothetical guideline range because, in its considered view, a sentence within that range would be insufficient to promote punishment, deterrence, respect for the law, and protection of the public in the case of a brazen recidivist such as Williams. The issue amounts to a policy dispute between Williams and the Sentencing Commission on the one hand, and the district court and the U.S. Attorney's Office on the other, over whether a sentence in the vicinity of 115 months would be sufficient to meet the § 3553(a) goals in Williams's case, or whether a 170-month sentence would better serve them.

It is in a district court's discretion to disagree with the guidelines on such grounds.[6] Given the relatively high likelihood that Williams will reoffend, we cannot say that the court committed a "clear error of judgment in balancing the sentencing factors" differently from how the Sentencing Commission would want. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).[7]

The judgment of sentence is AFFIRMED.

---

[6] *See Williams*, 517 F.3d at 809 ("'As a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines.'" (alteration in original) (quoting *Kimbrough v. United States*, 552 U.S. 85, 101 (2007)) (internal quotation marks omitted)).

[7] Williams also argues that he was innocent of his indecency crimes, but he failed to raise that challenge during resentencing. Assuming *arguendo* that that is a valid ground to challenge his bank robbery sentence, it is subject to plain error review. *United States v. Bleike*, 950 F.2d 214, 221 (5th Cir. 1991). And because it is a purely factual question that could have been resolved in the district court, it cannot be plain error. *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010). Williams also raises a congressional policy argument that he concedes was rejected in *Williams I*, 373 F. App'x at 455.