**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-20620

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

PEDRO DAVID GUTIERREZ-HERNANDEZ
also known as Pedro David Gutierrez,
also known as Pedro Gutierrez

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.
PATRICK E. HIGGINBOTHAM:

Gutierrez-Hernandez pled guilty to being in the United States following deportation. The district court increased his prison sentence by applying two guideline departures that were recommended by the probation officer. Gutierrez appeals his sentence.

I

The district court adopted the presentence report which preliminarily calculated a guideline sentence range of 10 to 16 months based on a total offense level of 10 and a criminal history category of III. The PSR then recommended two guideline departures. First, it pointed to a 2008 state handgun conviction

for which Gutierrez was sentenced to 20 days imprisonment. The report suggested a departure under § 4A1.3, Inadequacy of Criminal History Category, because if the crime had been federally prosecuted, Gutierrez would have faced a greater sentence. Second, the PSR recommended a departure under § 5K2.0, Other Grounds for Departure, based on a 2003 state drug conviction, which, based on a police department offense report, the probation officer considered more serious than the guidelines accounted for. Gutierrez filed written objections to the upward departures in the PSR. In its statement of reasons, the district court repeated the language from the PSR and checked the boxes indicating that both departure provisions applied, thereby increasing Gutierrez's offense level from 10 to 17. This resulted in a guidelines range of 30 to 37 months. Gutierrez was sentenced to 30 months.

## II

## A

Under *Gall v. United States*,[1] our process of reviewing a sentence is bifurcated. "We first examine whether the district court committed any significant procedural error, such as: (1) failing to calculate (or improperly calculating) the applicable Guidelines range; (2) treating the Guidelines as mandatory; (3) failing to consider the 18 U.S.C. § 3553(a) factors; (4) determining a sentence based on clearly erroneous facts; or (5) failing to adequately explain the chosen sentence, including an explanation for any deviation from the Guidelines range."[2] Under this step of analyzing for procedural error, we review the district court's interpretation or application of the sentencing guidelines *de novo*, and its factual findings for clear error.[3] Next, if the district court's decision

---

[1] 552 U.S. 38 (2007).

[2] *United States v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008).

[3] *Id.*

is procedurally sound, we consider the substantive reasonableness of the sentence, considering the factors in 18 U.S.C. § 3553(a).[4] We apply a presumption of reasonableness to guideline sentences and review for abuse of discretion sentences that include an upward or downward departure as provided for in the guidelines.[5]

## B

Gutierrez asserts that the district court misapplied the departure guidelines, a procedural challenge that we review *de novo*. The district court justified a § 4A1.3 departure by reasoning that Gutierrez's 2008 state gun conviction understated his criminal history because if the crime had been federally prosecuted Gutierrez would have been exposed to prosecution as a felon in possession of a firearm, an offense that carries a substantially higher sentence than the state offense.

The prior state sentence may well under-represent the seriousness of Gutierrez's criminal history. However, we need not reach that question because the district court erred in determining the manner in which an adequate criminal history score is accounted for. The guidelines make plain that a departure based on the inadequacy of the defendant's criminal history is made by adjusting the criminal history category.[6] Here, however, despite citing the departure provision for inadequacy of criminal history, the district court increased Gutierrez's offense level, not his criminal history category. A

---

[4] *Id.*

[5] *Id.*

[6] U.S.S.G. § 4A1.3(a)(4)(A) ("[T]he court shall determine the extent of a departure under this subsection by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's."); *United States v. Jones*, 905 F.2d 867, 869 (5th Cir. 1990).

departure based on the inadequacy of criminal *history* is not made by adjusting the factor that accounts for the offense level of the *instant* crime.

The procedural error creates a significant difference in the sentencing range in this case. Increasing Gutierrez's offense level from 10 to 17 resulted in a sentencing range of 30 to 37 months. In comparison, a movement from criminal history category III to category IV would have resulted in a range of 15 to 21 months. Even moving to the highest criminal history category of VI would have resulted in a range of 24 to 30 months—below the range of 30 to 37 months reached by adjusting the offense level.

## C

The district court also cited § 5K2.0 as a ground for departure. To justify this guideline departure, the court looked to Gutierrez's 2003 Texas state conviction for delivery of a controlled substance. The district court recognized that the offense did not qualify for the felony drug trafficking enhancement in § 2L1.2 as this Court has directly held that, without more detail in the indictment or other *Shepard*[7]-approved document, the Texas delivery offense does not qualify for the enhancement: "The statutory definition of delivery of a controlled substance in Texas . . . encompasses activity that does not fall within section 2L1.2's definition of 'drug trafficking offense.'"[8] For the departure, the district court looked to the police report—a document it could not consider under the § 2L1.2 enhancement[9]—to determine that Gutierrez's conduct involved an actual sale of cocaine, activity within the federal definition of a drug trafficking offense, and not merely an offer to sell, which is outside the definition. It determined that Gutierrez's conduct would have triggered the enhancement if

---

[7] *Shepard v. United States.*, 544 U.S. 13, 26 (2005).

[8] *United States v. Gonzales*, 484 F.3d 712, 714 (5th Cir. 2007).

[9] *See Shepard*, 544 U.S. at 26; *Taylor v. United States*, 495 U.S. 575, 600 (1990).

the indictment had described Gutierrez's conduct in detail. It therefore applied the § 5K2.0 departure.

A district court cannot escape *Taylor* and *Shepard* by looking to a police report—which it could not earlier use to determine whether a prior conviction was a drug trafficking offense—to later justify a departure on the basis that the enhancement should have applied. Even more fundamentally, the 2003 conviction cannot support this departure because prior offenses serve as the basis for § 4A1.3 departures, which specifically focus on criminal history, and not § 5K2.0 departures, which consider circumstances of the instant offense. The provision identifies *inter alia* as relevant circumstances death, physical injury, psychological injury, abduction, and property damage, all pertinent to the offense at hand.[10] The district court committed procedural error under the first step of *Gall*; it gave no valid basis for the § 5K2.0 departure and misapplied the § 4A1.3 departure.

D

The government urges that this Court can affirm the sentence as reasonable, under the second step of *Gall*, despite the procedural error in calculating the guideline sentencing range. If this case were in the Seventh or Ninth Circuit that argument might have traction. Those circuits, after *United States v. Booker*[11] directed that the Guidelines were advisory, found that the guideline departures provisions had been "rendered obsolete"[12] and "replaced by the requirement that judges impose a 'reasonable' sentence."[13]

---

[10] U.S.S.G. §§ 5K2.1–5K2.5.

[11] 543 U.S. 220 (2005).

[12] *United States v. Arnaout*, 431 F.3d 994, 1003 (7th Cir. 2005).

[13] *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006).

This Circuit, however, has found otherwise. In a case vacating and remanding because the district court misapplied a guideline enhancement, we stated "nothing suggests that *Booker* injected a reasonableness standard into the question whether the district court properly interpreted and applied the Guidelines or that an appellate court no longer reviews a district court's interpretation and application of the Guidelines de novo."[14] *Booker* left in force 18 U.S.C. § 3742(f) which provides: "If the court of appeals determines that . . . the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate." A district court must correctly apply the sentencing guidelines.

Of course, a court may impose a non-guidelines sentence based on the reasonableness factors in 18 U.S.C. § 3553(a). But one of those factors is the sentence established by the guidelines.[15] The properly-calculated guideline sentencing range is the point from which the court may vary, a necessary factor in determining reasonableness. The Eleventh Circuit labels this the "consultation requirement,"[16] and the Third Circuit recognizes that error in

---

[14] *United States v. Villegas*, 404 F.3d 355, 361 (5th Cir. 2005). It is no salient distinction that the error in *Villegas* involved the application of an enhancement provision and not a departure provision because departures are part of the guidelines: "a sentence that includes an upward or downward departure as allowed by the Guidelines . . . is also a Guideline sentence." *United States v. Tzep-Mejia*, 461 F.3d 522, 525 (5th Cir. 2006).

[15] 18 U.S.C. § 3553(a)(4).

[16] *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) ("This consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines."). *See also United States v. McBride*, 434 F.3d 470, 477 (6th Cir. 2006) ("[T]he appropriate Guideline range—including Guideline departures—must still be considered. . . . This Guideline sentence is then considered in the context of the section 3553(a) factors.").

calculating the guideline range "may presage the sentence ultimately set."[17] Without the correct guideline range, the court varies from the wrong point.

Because the district court erred in the application of the departure provisions we VACATE Gutierrez's sentence and REMAND for resentencing.

---

[17] *United States v. Jackson*, 467 F.3d 834, 839 (3d Cir. 2006).