# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2009

Charles R. Fulbruge III
Clerk

No. 09-30033

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JUSTO PASTOR RODRIGUEZ-RODRIGUEZ

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CR-00196

Before JONES, Chief Judge, and GARZA and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Justo Pastor Rodriguez-Rodriguez appeals a sentence of 120 months imprisonment imposed upon his conviction for aggravated reentry following deportation. Because the district court committed no reversible error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Background

Upon his third illegal entry into the United States, Rodriguez was charged with one count of aggravated reentry following deportation in violation of 8 U.S.C. § 1326, to which he pleaded guilty. The pre-sentence investigation report ("PSR") calculated a total offense level of 17 and a criminal history category of I, resulting in a United States sentencing guidelines range of 24 to 30 months imprisonment. However, the PSR noted that an upward departure may be warranted pursuant to U.S.S.G. § 4A1.3 because Rodriguez's criminal history category underrepresented the seriousness of his criminal history, which included two drug-related convictions and an assault conviction. The PSR also concluded that Rodriguez did not accept responsibility for his previous offenses.

The district court sentenced Rodriguez to 120 months imprisonment, followed by five years of supervised release. At sentencing, the court stated:

> Your criminal history is under represented, and it appears you take no personal responsibility for any of the crimes that you have committed in the past. You have previously been deported and apparently that had no affect [sic] on you. It's my belief that the only way to keep you from committing criminal offenses and from reentering the United States illegally is to incarcerate you, and I intend to upwardly depart.

Rodriguez contemporaneously objected to the sentence as excessive. He now appeals, arguing that the district court did not properly consider the sentencing factors set forth in 18 U.S.C. § 3553, impermissibly based an upward departure upon a prior conviction already incorporated into his offense level, and imposed a substantively unreasonable sentence under the totality of the circumstances.

## II. Standard of Review

This court reviews a sentencing decision for reasonableness, applying an abuse of discretion standard. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Whether a sentence falls within or outside the Guidelines range,[1] this court first determines if the district court committed procedural error, then reviews the substantive reasonableness of the sentence. *Id.*

Though an abuse of discretion standard applies to Rodriguez's substantive reasonableness challenge, this court must review Rodriguez's procedural objections for plain error. "The plain-error standard of review applies when a party challenges a district court's sentencing decision on grounds it did not present to the district court." *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008) (citing *United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007)). Before the district court, Rodriguez objected only to the excessiveness of his sentence, not the court's alleged failure to consider the § 3553 factors and "double counting." Accordingly, we will not correct Rodriguez's sentence on procedural grounds unless we find (1) an error, (2) that is plain, and (3) that affects substantial rights. *Id.*

---

[1] This court has distinguished Guidelines sentences—those falling within the Guidelines range or based upon a departure authorized by the Guidelines—and non-Guidelines sentences—a "variance" or a "deviation" that is not the result of a Guidelines-authorized departure. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (citation omitted). Unlike a non-Guidelines sentence, a Guidelines sentence enjoys a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347, 127 S. Ct. 2456, 2462 (2007); *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). Here, we need not decide whether Rodriguez's sentence is properly characterized as a departure or a variance because the district court's sentence withstands challenge with or without the benefit of the presumption.

## III. Discussion

*A. Procedural Error*

Rodriguez contends that the district court disregarded the § 3553 factors and instead imposed a 120-month sentence to "promote enforcement" of the immigration laws, which is not a § 3553 factor. This argument lacks merit. At sentencing, the district court explicitly stated that it had considered the § 3553 factors. Moreover, the court's reasons for the sentence included Rodriguez's underrepresented criminal history, his failure to accept responsibility for previous crimes, his penchant for disregarding immigration laws despite prior deportations, and the need to prevent Rodriguez from committing more criminal offenses. Respectively, these reasons reflect the "history of the defendant,"[2] a "characteristic[ ] of the defendant,"[3] the need "to promote respect for the law,"[4] and the need "to afford adequate deterrence to criminal conduct"[5] and "protect the public from further crimes by the defendant,"[6] all of which are § 3553 factors. What Rodriguez characterizes as an improper effort to "promote enforcement" was merely the district court's recognition of the need to deter future crimes and to promote respect for the law.

Rodriguez next urges that a 1996 cocaine conviction used to increase his offense level by 12 levels should not have been used to justify an upward

---

[2] 18 U.S.C. § 3553(a)(1).

[3] *Id.*

[4] 18 U.S.C. § 3553(a)(2)(A).

[5] 18 U.S.C. § 3553(a)(2)(B).

[6] 18 U.S.C. § 3553(a)(2)(C).

departure under U.S.S.G. § 4A1.3.[7] This argument also fails. Double-counting is permissible unless it is "specifically forbidden by the particular guideline at issue." *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Rodriguez has not shown, nor have we found, such a prohibition here. Accordingly, we find no plain error in the district court's procedure.

*B. Substantive Unreasonableness*

In addition to asserting procedural error, Rodriguez challenges his sentence–four times the Guidelines maximum[8]–as unreasonable. We disagree. Rodriguez summarily argues that a mere desire to deter his continued illegal reentry does not warrant a 120-month sentence, but as discussed above, the district court's reasons for the sentence included not only deterrence but also Rodriguez's underrepresented criminal history, failure to accept responsibility, and disregard of prior deportations. In light of the deference this court owes to the district court's determination that the § 3553 factors justified 120 months imprisonment,[9] we cannot conclude that the district court abused its discretion. Rodriguez's conclusory statement that this punishment is "far greater than necessary" does not persuade us otherwise.

## Conclusion

For the foregoing reasons, the district court's sentence is **AFFIRMED**.

---

[7] The 1996 cocaine conviction was one of three convictions excluded from Rodriguez's criminal history category due to the age of the offense, yet recognized by the PSR and the district court as a basis for an upward departure due to underrepresented criminal history.

[8] We note that "the mere fact that a . . . sentence exceeds by several times the guideline maximum is of no independent consequence in determining whether the sentence is reasonable." *United States v. Smith*, 440 F.3d 704, 709 n.5 (5th Cir. 2006) (citation omitted).

[9] *Gall v. United States*, 552 U.S. 38, 51–52, 128 S. Ct. 586, 597–98 (2007).