# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2010

No. 09-10681
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN HERNANDEZ-DOMINGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-15-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Martin Hernandez-Dominguez (Hernandez) appeals his sentence following his guilty plea to illegal reentry after deportation. He argues that his sentence was substantively unreasonable because the district court failed to recognize that he was not similarly situated to other offenders in criminal history category VI.

This court's process of reviewing a sentence is bifurcated. *United States v. Gutierrez-Hernandez,* 581 F.3d 251, 254 (5th Cir. 2009). First, this court must

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

examine whether the district court committed a significant procedural error in determining the defendant's sentence. *Id.* This court has recognized procedural errors to include (1) failing to calculate, or improperly calculating, the applicable sentencing range under the Sentencing Guidelines; (2) treating the Guidelines as mandatory; (3) failing to consider the 18 U.S.C. § 3553(a) factors; (4) determining a sentence based on clearly erroneous facts; or (5) failing to adequately explain the chosen sentence, or any deviation therefrom. *Id.* If the district court's decision is procedurally sound, this court considers the substantive reasonableness of the sentence, considering the factors set forth in § 3553(a). *Id.* A sentence within a properly calculated guideline range is presumptively reasonable. *Id.*

For the first time on appeal, Hernandez argues that his sentence should not be presumed reasonable because the district court committed a procedural error in selecting his sentence. He argues that the court improperly employed the appellate standard of "reasonableness." Because Hernandez failed to raise this claim in the district court in such a manner as to alert the court of the nature of his disagreement, his argument is reviewed for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

The district court's statements, read in context, indicate that the court understood that the Guidelines were advisory only, but nevertheless provided an appropriate sentencing range in Hernandez's case. Hernandez thus has not shown that the district court committed procedural error, plain or otherwise, in selecting his sentence. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008) (finding that the statement that the Guidelines provided an "appropriate" sentencing range did not indicate that the district court incorrectly applied a presumption of reasonableness).

As to the substantive reasonableness of the sentence, we reject Hernandez's attempt to minimize his criminal history. Shortly after he entered

the United States illegally in 1989, Hernandez began engaging in serious offenses, including firearms and narcotics offenses. During this period, Hernandez illegally reentered the United States on four occasions, and in three of those occasions, he reentered within days of his removal. Following his latest illegal reentry, Hernandez was convicted of driving while intoxicated and theft.

In sum, Hernandez has failed to overcome the presumption of reasonableness that is afforded the within-Guideline sentence. Accordingly, the sentence is AFFIRMED.