**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2010

No. 09-50491

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODRIGO CRUZ-PALLARES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-634-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

WIENER, Circuit Judge:[*]

Defendant-Appellant Rodrigo Cruz-Pallares ("Cruz") appeals his above-guideline sentence in this illegal-reentry case. Cruz contends that his sentence was imposed in error because the district court relied on clearly erroneous facts and failed to resolve objections properly raised at his sentencing hearing. Cruz asserts in the alternative that the sentence imposed was substantively unreasonable and that it was impermissible for the district court to order the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 09-50491

sentence to run consecutively to an as-yet unimposed state sentence. We vacate Cruz's sentence and remand for re-sentencing.[1]

## I. FACTS AND PROCEEDINGS

Cruz is a citizen of Mexico who lived in the State of Washington as a permanent resident from 1989 until 2006. In June 2006, Cruz was convicted of third-degree felony assault on his common-law wife. He lost his permanent-resident status and was deported to Mexico in November of 2006. Because he was deported, Cruz failed to make child support payments to his common-law wife in the ordered amount of $348 per month. In July 2008, state authorities discovered that Cruz had been deported. He was $10,000 in arrears on his child-support obligation at that time. Cruz's ex-wife has indicated that he had been paying child support until his arrest and deportation.

In June 2008, Cruz was discovered walking along the highway near Sabinal, Texas. Border patrol agents arrested him on suspicion of illegal entry. Cruz had not received consent to reapply for admission to the United States. He pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326.

After hearing from the parties at the sentencing hearing, the district court imposed an above-guideline sentence. Under the Guidelines, the recommended prison sentence for Cruz was 24 to 30 months, but the district court imposed a sentence of 54 months. The court justified its above-guideline sentence in a number of ways, noting the need to (1) reflect the nature of the offense, (2)

---

[1] Cruz also argues on appeal that the district court erred in sentencing him by considering misdemeanor convictions solely supported by computer-generated docket sheets. Because we must remand for re-sentencing, we do not address whether the district court properly considered these prior misdemeanor convictions or whether Cruz preserved this issue for appeal.

2

No. 09-50491

promote respect for the law, (3) provide just punishment, (4) deter criminal behavior, and (5) protect the public. The court expressed its belief that the way the Guidelines assign criminal history points to assaults does not accurately reflect Cruz's criminal history. It stated that, even though one of Cruz's criminal assault charges was not deemed a crime of violence (thus negating a possible sixteen-point enhancement), that assault was nonetheless violent. The court also stated that "[t]his gentleman says he comes over here to work and take care of his family; but he is $10,000 behind on his child support." The court observed that Cruz had been "in and out of the criminal justice system for a variety of reasons since 1991." The court also appeared to believe that Cruz had committed crimes here after he had already been deported, commenting to Cruz that "you still have uncounted criminal history that occurred in 2000, 2003, [and] 2005[,] meaning this man was in the United States all of that time when he had already been deported."

Cruz objected to the district court's statement that he was delinquent in paying child support. Although Cruz claimed that the $10,000 arrearage in child support had accrued after he was deported, the district court appears to have harbored its mistaken belief that Cruz had been deported well before 2006. Cruz timely filed a notice of appeal.

## II. ANALYSIS

### A. Standard of Review

We engage in a two-part process when reviewing a sentence. We first consider whether the sentencing court committed procedural error.[2] Relevant to this case, procedural error includes imposing a sentence on the basis of clearly

---

[2] *See Gall v. United States*, 552 U.S. 38, 51 (2007).

erroneous facts.[3]  Yet, "certain 'harmless' errors do not warrant reversal."[4]  The error must have affected the court's selection of the sentence, and the government has the burden of providing evidence to show "that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error made."[5]  If we conclude that there is no procedural error, we then consider the substantive reasonableness of the sentence.[6]  The district court's factfinding is reviewed for clear error.[7]

## B.  Clearly Erroneous Facts

Cruz contends that the district court committed procedural error by relying on the clearly erroneous facts that Cruz had been deported before 2006 and had been in the United States since then, committing crimes and shirking his child-support responsibilities.  As Cruz attempted to correct the district court when it appeared to be relying on an incorrect deportation date, we look to see if the facts relied on by the district court were clearly erroneous, rather than plainly erroneous.[8]  Cruz was not deported until 2006, yet the district court stated incorrectly that "this man was in the United States [committing crimes in 2000, 2003, and 2005] when he had already been deported."  The district court again disregarded the correct deportation date when it incorrectly found that

---

[3] *Id.*

[4] *See United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).

[5] *Id.* at 753.

[6] *Id.*

[7] *See United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009).

[8] *See United States v. McCaskey*, 9 F.3d 368, 376 (5th Cir. 1993).

No. 09-50491

Cruz had been evading his child-support obligations while he was in the United States. These are clearly erroneous determinations of the facts. The Presentence Report shows that Cruz had been deported in 2006, had not returned to the United States before he was picked up for illegal reentry in 2008, and did not stop paying child support until 2006, when he was deported.

The government cannot bear its burden of showing that these clear errors were harmless. Granted, the district court listed numerous reasons for imposing an above-guideline sentence, chief among which were Cruz's violent criminal history and repeated flaunting of United States law. The government calls the court's reference to the child-support arrearage "more of an observation, than a basis for a section 3553 sentence." Contrary to that assertion, the fact that child support and the deportation date were not mentioned in the court's final summary is not dispositive of this issue. The district court appeared to rely, to a considerable extent, on the mistaken facts that (1) Cruz had been in the country illegally for an extended period of time and (2) he had failed to pay child support while he was in the United States earning money. It is unavailing for the government to claim that this was not a primary motivation behind the sentence. The government had to show that this mistake by the district court had *no* effect on the length of the sentence. As it has not met this burden, we conclude that the sentencing court's procedural error was not harmless.

## III.  CONCLUSION

As we hold that the district court committed procedural error that was not harmless, we need not, and therefore do not, address Cruz's contention that his sentence is substantively unreasonable. Cruz also contends that, under 18 U.S.C. § 3584(a), a district court has no authority to order that a sentence run

5

No. 09-50491

consecutively to an as-yet unimposed state punishment.  Cruz concedes that this contention is foreclosed by our opinion in *United States v. Brown*,[9] raising it only to preserve it for further appeal.   We VACATE Cruz's sentence and REMAND for re-sentencing.

---

[9] 920 F.2d 1212 (5th Cir. 1991).