# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2011

No. 10-41232
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN SAUCEDO-VIANEY, also known as Juan Vianey Saucedo-Orroskieta, also known as Ramiro Gomez-Orsieta, also known as Juan Gomez-Orrosquieta, also known as Juan Saucedo-Orrosquieta, also known as Juan Gurrusquieta-Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-657-1

Before JONES, Chief Judge and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Saucedo-Vianey appeals his sentence following his guilty-plea conviction for being illegally present in the United States after deportation. The district court sentenced him to 36 months of imprisonment, which was a downward departure from the advisory guidelines range of 46-57 months. On appeal, Saucedo-Vianey argues that the application of a 16-level Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41232

Guidelines enhancement was unduly harsh and over-represented his criminal history and that his sentence was substantively unreasonable because his history and characteristics supported an even lower sentence.

We review sentences for "reasonableness." *Gall v. United States*, 552 U.S. 38, 46 (2007). This court ensures that the district court did not commit any significant procedural error and considers the substantive reasonableness of the sentence "under an abuse-of-discretion standard." *Id.* at 51. The abuse-of-discretion standard applies to "sentences that include an upward or downward departure as provided for in the guidelines." *United States v. Gutierrez-Hernandez,* 581 F.3d 251, 254 (5th Cir. 2009).

The district court's written statement of reasons indicates that it departed downward based on Saucedo-Vianey's objection that his offense level substantially overstated the seriousness of his prior conviction. Although Saucedo-Vianey continues to argue on appeal that this enhancement was unduly harsh and over-represented his criminal history, he does not explain how, in light of this successful objection and the resulting downward departure, the district court committed any procedural error.

Saucedo-Vianey also argues that his sentence was substantively unreasonable. At sentencing, the district court stated that it had considered the sentencing factors of 18 U.S.C. § 3553(a) and it discussed the need to deter Saucedo-Vianey from returning to the United States illegally and to impress on him the seriousness of his conduct. *See* § 3553(a)(2)(A), (B). The district court was in a superior position to find facts and assess their import under § 3553(a), and its determination of the appropriate sentence is entitled to deference. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Saucedo-Vianey's arguments do not establish that the district court abused its discretion in weighing the various sentencing factors.

**AFFIRMED.**