**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Aaron Jose RODRIGUEZ–DOMIN-GUEZ, also known as Jose Aaron Rodriguez–Dominguez, Defendant–Appellant.**

No. 11–10216
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 2011.

Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

William Reynolds Biggs, Assistant Federal Public Defender, Federal Public Defender's Office, Fort Worth, TX, for Defendant–Appellant.

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Aaron Jose Rodriguez–Dominguez (Rodriguez) appeals the 60–month sentence imposed by the district court following his guilty-plea conviction for illegal reentry following deportation. He contends that the district court procedurally erred by characterizing his sentence as either an upward departure or an upward variance without properly calculat-

ing the guidelines range under U.S.S.G. § 4A1.3.

As Rodriguez does not challenge the substantive reasonableness of the sentence imposed, we address only whether the district court procedurally erred. *Cf. Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (noting that a bifurcated review process generally applies to sentences). We review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Gutierrez–Hernandez,* 581 F.3d 251, 254 (5th Cir.2009).

Although the district court characterized the sentence imposed as either a variance or an upward departure, it is clear from the court's statements at sentencing and its written statement of reasons that it intended to impose a variance. In imposing a variance, the district court was not required to conduct a departure analysis under § 4A1.3. *See United States v. Gutierrez,* 635 F.3d 148, 152 (5th Cir.2011); *United States v. Mejia–Huerta,* 480 F.3d 713, 723 (5th Cir.2007). Even if the district court's sentence is considered an upward departure, Rodriguez has not shown that the district court procedurally erred in imposing his sentence. Although the district court did not specifically state at sentencing that it had moved incrementally down the offense levels to find an appropriate sentencing range, the court noted in its written statement of reasons that it had followed this procedure and moved down the sentencing table seven levels. As the district court's detailed discussion of Rodriguez's prior criminal history and the offenses for which he did and did not receive criminal history points, as well as the court's expressed concern for the likeli-

---

hood that Rodriguez would commit additional crimes, implicitly support the court's rejection of the intervening offense levels, Rodriguez has not shown that the district court procedurally erred by failing explicitly to consider and reject the intervening guideline ranges. *See United States v. Zuniga–Peralta,* 442 F.3d 345, 348 n. 2 (5th Cir.2006); *United States v. Daughenbaugh,* 49 F.3d 171, 175 (5th Cir.1995).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.