**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2012

No. 11-60477
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAMON GONZALEZ-CHAVEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CR-21-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ramon Gonzalez-Chavez challenges the sentence imposed following his July 2011 guilty-plea conviction for illegal reentry into the United States following removal subsequent to an aggravated-felony conviction. Gonzalez contends the district court's refusal to apply a January 2011 proposed, but not yet enacted, amendment to Sentencing Guideline § 2L1.2(b) rendered his sentence unreasonable. The amendment, which was enacted in November 2011, reduced the 16-level enhancement to 12 levels, when the age of the prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction results in no criminal-history points being accorded to it. Again, Gonzalez was sentenced several months earlier.

Analysis of the sentence is bifurcated. *Gall v. United States*, 552 U.S. 38, 51 (2007). First examined is whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence". *Id.* Under this first step, application of the Guidelines is reviewed *de novo*; factual findings, for clear error. *E.g.*, *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). If the district court's decision is procedurally sound, the substantive reasonableness of the sentence is then considered in the light of the § 3553(a) factors. *Id.* Substantive reasonableness is reviewed for abuse of discretion, and within-Guidelines sentences enjoy a presumption of reasonableness. *Id.*

"A sentencing court must apply the version of the sentencing guidelines effective at the time of sentencing unless application of that version would violate the *Ex Post Facto* Clause of the Constitution." *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007) (citation and internal quotation marks omitted). *See also* U.S.S.G. § 1B1.11(a). "Such a violation occurs when application of the Guidelines in effect at sentencing results in a harsher penalty than would application of the Guidelines in effect when the offense was committed." *Rodarte-Vasquez,* 488 F.3d at 322. That, of course, is not the situation here. In short, Gonzalez has not shown a procedural error.

Regarding the substantive reasonableness of the sentence, "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable", nor does it "destroy the presumption of reasonableness that attaches to such sentences". *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). Further, Gonzalez cites no authority for his contention that the district court's refusal to consider the effect

of the then-pending amendment rendered his sentence substantively unreasonable.

AFFIRMED.