**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 5, 2013

Lyle W. Cayce
Clerk

No. 12-50523
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDY GEOVANY MENDEZ-ALVARADO, also known as Fredy Mendez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-3089-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Fredy Geovany Mendez-Alvarado (Mendez) appeals the sentence imposed following his guilty plea to illegal reentry. He asserts that the district court committed reversible procedural error when it denied his request for a downward variance based on an erroneous understanding of the facts attendant to his California robbery conviction.

A sentencing court commits procedural error if it determines a sentence based on erroneous facts. *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). We review factual findings under the clear error standard

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when the findings have been challenged in the district court. *Id.* Although Mendez did not specifically object to the district court's denial of his request for a downward variance on the basis that the district court committed a factual error, there were some discussions between defense counsel and the court about this issue. We need not decide whether it was preserved, however, because the outcome is the same even under the clearly erroneous standard which is more favorable to Mendez. *See United States v. Fernandez*, 559 F.3d 303, 330 (5th Cir. 2009). A factual finding is not clearly erroneous "as long as the determination is plausible in light of the record as a whole." *United States v. Ismoila*, 100 F.3d 380, 396 (5th Cir. 1996) (internal quotation marks and citation omitted).

Mendez claims that the district court erroneously believed that a California criminal complaint charged him with committing two robberies, one of which involved a knife. The presentence report states that, in addition to that criminal complaint, Mendez had also been charged in a separate charging instrument with two other robbery offenses which were dismissed as a result of his plea to the robbery used to enhance his sentence in the instant case. Consequently, the court's statement that Mendez had "several" California robberies that were dismissed on the basis of his having pleaded "to this one" is consistent with the information found in the presentence report. When the district court's comments are read in the context of the record as a whole, it is clear that the court understood that the three-count criminal complaint charged individuals other than Mendez with a robbery that involved the use of a knife. Mendez's speculative argument that the district court misread this criminal complaint as charging him in more than one count because his last name was the same as one of his co-defendants is not supported by the record. His contention that his sentence was based on a clearly erroneous factual finding is thus without merit.

AFFIRMED.