# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2013

No. 12-30403
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERALD CORTEZ NEEDHAM, also known as Gerald Cortez Neeham, also known as Cooperhead, also known as Gerald C. Needham,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-185-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Gerald Cortez Needham was convicted of one count of illegal possession of ammunition by a convicted felon, and he was sentenced to 120 months of imprisonment. Needham appeals, arguing that the evidence was insufficient to support his conviction; that the district court erred in denying his motion to suppress an arrest warrant; and that the district court erred or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abused its discretion in imposing a sentence that was an upward departure from the guidelines range of imprisonment.

In his first issue, Needham contends that the evidence was insufficient to prove that he knowingly possessed ammunition found at the house he shared with his wife.  In reviewing this issue, we will uphold the jury's verdict if a rational trier of fact could conclude that "the element[] of the offense [was] established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008) (internal quotation marks and citation omitted).  "[W]e do not weigh evidence or assess the credibility of witnesses, and the jury is free to choose among reasonable constructions of the evidence."  *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

Possession of a firearm may be "actual" or "constructive" and may be proven by circumstantial evidence.  *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999).  Where there is joint occupancy or control, the Government must, in addition to showing control over the place where the item was found, present evidence to support at least a plausible inference that the defendant knew of and had access to the item itself.  *Id.* at 497.  This court applies "a common sense, fact-specific approach" to a determination whether constructive possession exists.  *United States v. Wright*, 24 F.3d 732, 735 (5th Cir. 1994).

We have no difficulty concluding that the Government presented sufficient evidence to establish Needham's constructive possession.  Testimony showed that, following Needham's arrest on unrelated state charges and a search of his residence, a detective asked Needham about the .22 caliber rounds found in his house; Needham admitted that he had found the bullets and sold them to kids in his neighborhood.  Additionally, following his arrest for the instant offense, Needham told federal agents that he had moved some of the ammunition within his house and that he knew that the ammunition was present in his house.

While Needham may not be convicted on his own uncorroborated confessions, the record here discloses sufficient corroboratory evidence that "fortifies the truth of the confession." *United States v. Deville*, 278 F.3d 500, 506-07 (5th Cir. 2002). For instance, there was considerable evidence that Needham exerted some degree of dominion and control over the residence in which the ammunition was found. *See DeLeon*, 170 F.3d at 496. In fact, his wife testified that she and Needham jointly owned the house, that Needham could "come and go as he pleases," and that Needham had access to any place within the house. Further, the location of the seized bullets demonstrates that the ammunition was easily visible and/or conveniently accessible, making it less likely that Needham could have been in the house without knowing of the ammunition's presence. *See United States v. Smith*, 930 F.2d 1081, 1086 (5th Cir. 1991). While Needham emphasizes that no DNA evidence or fingerprints were found linking him to the ammunition, the law does not require physical evidence; proof of constructive possession is enough. *See DeLeon*, 170 F.3d at 496-97.

Needham also challenges the district court's denial of his motion to suppress, insofar as the motion pertained to the arrest warrant and affidavit that Detective B.J. Sanford prepared and submitted to a state court judge after Needham was identified as a suspect in a triple homicide. He argues that Sanford's affidavit, to the extent it recited alleged statements of Andrew Burks, was misleading and an intentional misrepresentation of the facts. In reviewing a district court's denial of a motion to suppress, we consider questions of law de novo and will reverse factual findings only if they are clearly erroneous. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010). We view the evidence in the light most favorable to the prevailing party and may affirm the denial of the motion on any basis established by the evidence. *Id.*

The Fourth Amendment's exclusionary rule will not bar the admission of evidence obtained with a warrant later found to be invalid so long as the

executing officers acted in reasonable reliance on the warrant. *United States v. Leon*, 468 U.S. 897, 920 (1984). An officer's reliance on a warrant is not objectively reasonable and, therefore, he is not entitled to invoke the good faith exception in four recognized situations, including, as relevant here, where the judge who issued the warrant acted after being "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (internal quotation marks and citation omitted). If proven that certain information in the affidavit to the warrant is false, that material is disregarded, and a determination is made whether the remaining portion of the affidavit is sufficient to support the issuing judge's finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978); *United States v. Dickey*, 102 F.3d 157, 161-62 (5th Cir. 1996).

Needham has not shown that the district court erred in rejecting his claim that the arrest warrant should have been suppressed based on alleged intentional misrepresentations. On appeal, Needham rests his entire challenge on the flawed assertion that, contrary to the statements in his affidavit regarding Burks, Sanford testified that Burks did not tell him that Burks saw Needham enter or exit the appliance store where the shootings occurred. Sanford, however, specifically testified that (1) during the transport to the police station, Burks stated that he observed "Copperhead" walk past him, enter the appliance store, and then exit the store after the shooting; and (2) at the time he signed the affidavit in support of the arrest warrant, he believed the information contained therein to be true. The district court found this testimony to be credible. Needham offers no other support for his argument that Sanford's affidavit was misleading and a misrepresentation of the facts. He thus has not shown that the district court's choice to believe Sanford's version of events—a finding entitled to deference—was clearly erroneous. *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).

Moreover, Needham wholly fails to challenge the district court's determination that, even if he had shown that the information in the affidavit concerning Burks's statements was false, the remaining portion of the affidavit was sufficient to support the issuing judge's finding of probable cause. By failing to brief the probable cause determination, Needham has waived any challenge to this issue. *See United States v. Thames*, 214 F.3d 608, 612 n.3 (5th Cir. 2000).

Finally, Needham challenges the 120-month sentence imposed by the district court. "[W]e review the district court's interpretation or application of the sentencing guidelines de novo, and its factual findings for clear error." *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). "Additionally, we review upward departures for reasonableness, which necessitates that we review the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted).

Needham has not shown that the district court's decision to impose an above-guidelines sentence under U.S.S.G. § 4A1.3(a)(1) was procedurally or substantively unreasonable. After considering the arguments of counsel and making several lengthy observations about the instant offense and Needham's "extensive" criminal history, the sentencing court cited case-specific reasons for the upward departure, including Needham's propensity for violence, his propensity to flee from law enforcement, the number of times he was unable to successfully complete probation, and the lack of deterrent effect from "lenient state court sentences." *See* § 4A1.3(a)(1), (2)(A),(E) & comment. (backg'd); *Zuniga-Peralta*, 442 F.3d at 347.

The judgment of the district court is AFFIRMED. Needham's motion for oral argument is DENIED.