# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10760
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL MACIAS-FUENTES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-19-1

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Macias-Fuentes pleaded guilty to having been found unlawfully in the United States following deportation, and he was sentenced to 120 months of imprisonment and three years of supervised release. The district court indicated that the sentence, which was above the advisory guidelines range of 77 to 96 months, was a variance under 18 U.S.C. § 3553(a) and, alternatively, an upward departure under U.S.S.G. § 4A1.3. On appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10760

Macias-Fuentes presents two procedural challenges to the 120-month sentence. He does not challenge the substantive reasonableness of the sentence.

Macias-Fuentes first argues that his sentence is procedurally unreasonable because the district court misinterpreted U.S.S.G. §§ 4A1.3 and 5K2.0 in determining that an above-guidelines-range sentence was warranted. To the extent Macias-Fuentes challenges the sentence as an upward departure under the Guidelines, any alleged procedural error was harmless. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). As noted above, the district court alternatively imposed a non-guidelines variance; neither § 4A1.3 nor § 5K2.0 applies to variances. *See id.*; *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 255 (5th Cir. 2009).

Acknowledging the alternative sentencing variance, Macias-Fuentes contends that the district court nonetheless was influenced by an erroneous departure standard regarding underrepresentation of criminal history and risk of recidivism. In support, he argues that courts must consider and correctly apply the Guidelines, including the departure provisions, before imposing a variance under § 3553(a). However, the case upon which he relies says nothing about consideration of the guidelines departure provisions in relation to imposing a variance, or non-guidelines sentence. *See Gutierrez-Hernandez*, 581 F.3d at 256 ("Without the correct guideline *range*, the court varies from the wrong point.") (emphasis added). Here, the record demonstrates that the 120-month sentence was an upward variance from the guidelines range based on the factors set forth in § 3553(a), as thoroughly articulated by the district court. Macias-Fuentes has not shown any error in the district court's determination that an above-guidelines-range sentence was warranted.

No. 13-10760

In his second issue on appeal, Macias-Fuentes contends that the district court plainly erred in applying the 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based upon his prior felony conviction for a "crime of violence," namely, the Texas offense of burglary of a habitation. He argues that his Texas burglary conviction does not qualify as a crime of violence under § 2L1.2(b)(1)(A), because the Texas burglary statute criminalizing burglary of a habitation is not divisible and includes conduct that does not constitute "burglary of a dwelling" under the Guidelines. Further, he asserts that his judicial confession is insufficient to narrow the offense to a qualifying form of burglary.

After briefing was completed, we issued an opinion in *United States v. Conde-Castaneda*, 753 F.3d 172, 176-78 (5th Cir. 2014), *cert. filed*, No. 14-6009 (U.S. Aug. 25, 2014), wherein we held that § 30.02 of the Texas Penal Code was divisible and that a written judicial confession containing an admission to two types of burglary prescribed in the Texas statute, specifically § 30.02(a)(1) and § 30.02(a)(3), was sufficient to establish that the defendant was convicted of both offenses. Macias-Fuentes's written judicial confession contained an admission to "each and every act" alleged in the indictment and thus sufficiently establishes that he was convicted of violating both § 30.02(a)(1) and § 30.02(a)(3). *See Conde-Castaneda*, 753 F.3d at 178. Because § 30.02(a)(1) qualifies as a crime of violence under the Guidelines, the district court did not err in applying the 16-level enhancement. *See id.* at 176-79.

AFFIRMED.