# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10502
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

CARLOS SOTELO-RAMIREZ,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:13-CR-183

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Carlos Sotelo-Ramirez pleaded guilty of having been found unlawfully in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the United States following deportation and was sentenced to 36 months in prison and three years of supervised release.  The district court indicated that the sentence, which was above the advisory guideline range of 18 to 24 months, was a variance under 18 U.S.C. § 3553(a).

In his sole issue on appeal, Sotelo-Ramirez does not question the substantive reasonableness of the sentence but contends it is procedurally unreasonable because the district court misinterpreted U.S.S.G. §§ 4A1.3 and 5K2.0 in determining that an above-guideline sentence was warranted.  To the extent that Sotelo-Ramirez challenges the sentence as an upward departure under the Guidelines, his argument is without merit.  The court did not impose a departure but instead specifically stated that the sentence constituted a variance in light of the § 3553(a) factors.

Sotelo-Ramirez contends that although the district court cited the § 3553(a) factors, it was influenced by an erroneous departure standard regarding underrepresentation of criminal history.  Sotelo-Ramirez maintains that courts must consider and correctly apply the guidelines, including the departure provisions, before imposing a variance under § 3553(a).  The case on which he relies, however, says nothing about consideration of the guidelines-departure provisions in relation to imposing a variance or non-guideline sentence.  *See United States v. Gutierrez-Hernandez*, 581 F.3d 251, 256 (5th Cir. 2009) ("Without the correct guideline *range*, the court varies from the wrong point." (emphasis added)).  The record demonstrates that the sentence was an upward variance from the guideline range based on the factors set forth in § 3553(a), as thoroughly articulated by the district court.

Sotelo-Ramirez has not shown any error in the determination that an above-guideline sentence was warranted.  Accordingly, the judgment of sentence is AFFIRMED.