# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40430

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ONAN ALEMAN-RODRIGUEZ, also known as Juan Jose Mejia-Ramirez,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-966-1

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Onan Aleman-Rodriguez appeals the sentence imposed following his guilty plea to illegal reentry after being deported from the United States. He argues that the district court erred in assessing a 12-point enhancement based on a prior conviction for statutory burglary. Although the 12-point enhancement was erroneous, the error was harmless because the district court would have imposed the same sentence regardless. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40430

FACTS AND PROCEDURAL HISTORY

Onan Aleman-Rodriguez, a citizen of Honduras, first illegally entered the United States in 1995. Beginning in 1995, Aleman has used 25 aliases, five different dates of birth, and two different social security numbers to avoid detection. He has never had legal status here. While in the United States, Aleman has developed a lengthy criminal history with offenses ranging from driving while intoxicated to statutory burglary. In 2001, he pled guilty to statutory burglary in Virginia, which the Government argues may serve as a predicate crime-of-violence offense and warrants a 12-point sentencing enhancement.

The United States deported Aleman in 2009. In 2010, Aleman was arrested and then pled guilty in a United States District Court in Virginia to illegal reentry. He was sentenced to 46 months' imprisonment and three years of supervised release. Aleman was again deported in 2013 when his supervised release commenced. A condition of his supervised release was that he not re-enter the United States illegally. In 2015, Aleman again illegally entered the United States and was arrested. He pled guilty in the United States District Court for the Southern District of Texas to illegal reentry.

In calculating his Guidelines range, the district court held that his 2001 statutory burglary conviction in Virginia was a crime of violence and applied a 12-point enhancement. Aleman objected, arguing that his statutory burglary conviction could not serve as a predicate crime-of-violence offense because Virginia's burglary statute is indivisible and broader than generic burglary. The district court overruled the objection, stating that "[o]f course it's a divisible statute and if it's not, let the Circuit Court say that[.]" Aleman's Guidelines range was 30-37 months' imprisonment. He received a sentence of 36 months' imprisonment for illegal reentry and four months' imprisonment for violating the terms of his supervised release. Aleman timely appealed.

2

No. 16-40430

DISCUSSION

This court uses a bifurcated process for reviewing a sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we ensure that the district court did not commit any significant procedural error, such as improperly calculating the Guidelines range or failing to consider the Section 3553(a) factors. *Id.* We review *de novo* the interpretation and application of the Guidelines and apply a clear-error standard on factual findings. *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). Second, we review the substantive reasonableness of the sentence for any abuse of discretion. *Id.*

Aleman's sole issue is that his 2001 statutory burglary conviction in Virginia does not qualify as a crime of violence under Section 2L1.2(b)(1)(A)(ii) of the 2014 version of the Sentencing Guidelines because the Virginia burglary statute is indivisible. After the briefing here was completed, we held in another appeal that statutory burglary in Virginia does not qualify as a crime of violence. *United States v. Reyes-Ochoa*, 861 F.3d 582, 588–89 (5th Cir. 2017). Thus, using the crime-of-violence enhancement here was error. We examine whether the error was harmless.

Harmless error can be shown in two ways, with the first being "to show that the district court considered both ranges (the one now found incorrect and the one now deemed correct) and explained that it would give the same sentence either way." *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017). The second method is for the Government to demonstrate convincingly "(1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).

An example of the kind of clarity required from a district judge for us to find harmlessness involved a defendant who pled guilty to illegal reentry, and

the district court assessed a 16-point crime-of-violence enhancement for a prior conviction of attempted manslaughter. *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008). The defendant's Guidelines range was 41-51 months; he received a sentence of 41 months' imprisonment. *Id.* at 650, 657. At the sentencing hearing, the court stated that "I believe that I have calculated the guidelines correctly, but even if I am wrong about the guidelines, this is the sentence that I would impose in any event." *Id.* at 656. The court made no comment on the alternate Guidelines ranges that would apply with or without the crime-of-violence enhancement. *Id.* On appeal, this court held that the crime-of-violence enhancement was improper, but the error was harmless because the district court "imposed a reasonable alternative non-guideline sentence." *Id.* at 650.

The district court here did consider the range that subsequent caselaw shows is the correct one. Yet, similar to statements made in *Bonilla*, the court stated that even if it had made "any error with regards to the determination as to what the appropriate sentence should be under guideline determinations, . . . the Court would find that under the [Section] 3553(a) factors that this would be the appropriate sentence even if it had to be through a variance." The district court further stated that "if I'm wrong under the [Section] 3553(a) factors, this is the sentence that I would impose. And I want to make that clear." The 12-point enhancement was not controlling.

AFFIRMED.

4