# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20605
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDDIE VARELA MALDONADO, also known as Efren Cundumi,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-361-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eddie Varela Maldonado, also known as Efren Cundumi,[1] appeals the 36-month sentence imposed following his guilty plea conviction for illegal reentry after removal in violation of 8 U.S.C. § 1326. Cundumi argues that the sentence imposed is procedurally unreasonable because the district court relied on clearly erroneous facts. He contends that, contrary to the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Maldonado's true name is Efren Cundumi Vente (Cundumi), as he so refers to himself in his brief.

court's apparent belief at sentencing, he had been deported and returned to the United States illegally only once, and that he had not engaged in other criminal conduct subsequent to his deportation and return. He also asserts that the sentence imposed is substantively unreasonable.

We engage in a two-part process when reviewing a sentence. First, we consider whether the sentencing court committed procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Relevant to this case, procedural error includes imposing a sentence on the basis of clearly erroneous facts. *Id.* "A procedural error during sentencing is harmless if the error did not affect the district court's selection of the sentence imposed." *United States v. Delgado–Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (internal quotation marks and citation omitted). The error must have affected the court's selection of the sentence, and the Government has the burden of showing "that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error made." *Id.* If there is no procedural error, or if the error is harmless, we then consider the substantive reasonableness of the sentence. *Id.* The district court's factfinding is reviewed for clear error. *United States v. Gutierrez–Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009).

When giving reasons for the sentence imposed, the district court denied Cundumi's request for a downward departure, stating that

> part of the reason is that I believe the Defendant's heart is hardened in this matter and he is intent on coming back to this country every chance he gets, and on each occasion that he's been here he has violated not simply the immigration law - that is, you know, is here illegally - but he has engaged in other conduct, and that suggests to me that his crimes are greater than what is represented by the immigration violation.

Both parties agree that the district court correctly calculated the advisory guideline range under the applicable guidelines. The Government

No. 17-20605

agrees that it is appropriate to vacate and remand for resentencing because the district court made statements suggesting that the court mistakenly believed Cundumi had returned to the United States illegally more than once and had committed new crimes each time he returned.

The district court's statement was factually incorrect with respect to how many times Cundumi had been deported and his criminal history after reentry. Although counsel called attention to the error, the district court merely noted the objection without further comment. Thus, the district court committed a procedural error by imposing a sentence on the basis of clearly erroneous facts. *See Gall*, 552 U.S. at 51. Because the Government has not shown that the error had no effect on the length of the sentence, the error is not harmless. *See Delgado–Martinez*, 564 F.3d at 753-54. Accordingly, we VACATE Cundumi's sentence and REMAND for resentencing. We do not reach his argument that his sentence is substantively unreasonable.