# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2010

Charles R. Fulbruge III
Clerk

No. 09-50628
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL CARAZA-VALDEZ, also known as Salvador Rivera-Rivera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-494-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rafael Caraza-Valdez appeals the 37-month guidelines minimum sentence imposed following his guilty plea conviction for illegally reentering the United States in violation of 8 U.S.C. § 1326. He asserts that his sentence was substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). Caraza-Valdez asserts that the Guidelines overstated the seriousness of his illegal reentry offense, which was a non-violent, "international trespass" offense. He contends that he should have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received a downward variance because he came to this country as a young child, he returned to see his family, his criminal history is non-violent, and he has been a law-abiding citizen in Mexico since his removal in 1999. He further contends that the 16-level enhancement overstated the seriousness of his prior alien transporting conviction because of the age of the conviction. Finally, he asserts that the Guidelines create an unwarranted sentencing disparity between him and defendants who are convicted in districts with fast-track programs.

We review the district court's sentence for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). We apply the abuse of discretion standard, taking into account the totality of the circumstances, and we may presume that a sentence within a properly calculated guidelines range is reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Although Caraza-Valdez challenges the presumption of reasonableness as applied to sentences under U.S.S.G. § 2L1.2, he recognizes that the issue is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Further, Caraza-Valdez concedes that his challenge based on the lack of a fast-track program is foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

We have rejected the argument that a guidelines sentence under § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Nor do we accept the argument that it is unreasonable to impose a 16-level enhancement under § 2L1.2 when the predicate conviction is too remote to receive criminal history points. *See* § 2L1.2, comment. (n.(1)(B)(vii) (indicating that the date of the enhancing conviction is not a relevant inquiry for purposes of § 2L1.2(b)(1)). Likewise, Caraza-Valdez's arguments that he came to this country as a young

child and that he returned to be with his family do not render his sentence unreasonable. *See Gomez-Herrera,* 523 F.3d at 565-66. Finally, although Caraza-Valdez claims to have been a law-abiding citizen in Mexico following his removal in 1999, he points to nothing in the record to substantiate the claim.

Caraza-Valdez concedes that the district court correctly calculated the guidelines range. He has not shown that the district court abused its discretion, and he has not overcome the presumption of reasonableness. *See Gall*, 552 U.S. at 51; *Alonzo*, 435 F.3d at 554. Accordingly, the judgment of the district court is AFFIRMED.