# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 7, 2012

No. 11-50479
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO HERNANDEZ-HERNANDEZ, also known as Roberto Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-65-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Roberto Hernandez-Hernandez (Hernandez) argues that the 46-month within-guidelines sentence imposed by the district court following his guilty plea conviction for illegal reentry into the United States was unreasonable; that the Guidelines failed to account for his difficult childhood, his substance abuse problems, his cultural assimilation, and his family circumstances; and that the district court erred in refusing his request for a downward variance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This Court engages in a bifurcated analysis of the sentence imposed by the district court.[1] This Court first examines whether the district court committed any significant procedural errors.[2] If the district court's decision is procedurally sound, as here, this Court will then consider the substantive reasonableness of the sentence, considering the factors in 18 U.S.C. § 3553(a).[3] In evaluating a sentence for substantive reasonableness, this Court applies an abuse of discretion standard of review.[4] When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the § 3553(a) factors, this court gives "'great deference to that sentence' and 'will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines' in light of the sentencing considerations set out in § 3553(a)."[5] "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."[6] "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."[7]

Hernandez has not shown that the sentence imposed by the district court was substantively unreasonable. The 46-month within-guidelines sentence is

---

[1] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[2] *Id.*

[3] *Id.*

[4] *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009).

[5] *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (quoting *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005)).

[6] *Id.*

[7] *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

entitled to a presumption of reasonableness.[8] The record indicates that the district court considered the information in the Presentence Report concerning Hernandez's difficult childhood, his substance abuse problems, cultural assimilation, and family circumstances, as well as his counsel's arguments at the sentencing hearing. Although cultural assimilation can be a mitigating factor, nothing requires the district court to give it "dispositive weight."[9] His reasons for reentering the United States are insufficient to rebut the presumption of reasonableness.[10] Hernandez has not shown that the district court abused its discretion in imposing a sentence within the advisory guidelines range or in not according more weight to his difficult childhood, his substance abuse problems, cultural assimilation, and family circumstances.[11]

Hernandez also asserts that the appellate presumption of reasonableness should not apply to his sentence because the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based. He correctly acknowledges that this argument is foreclosed by this Court's precedent and states that he is raising it to preserve it for possible further review.[12]

AFFIRMED.

---

[8] *See Campos-Maldonado*, 531 F.3d at 338.

[9] *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2009).

[10] *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (upholding a within-guidelines sentence when the appellant had requested a downward variance based on his cultural assimilation and the fact that he returned to the United States to visit his ailing father); *see also United States v. Caraza-Valdez*, 371 F. App'x 552, 553 (5th Cir. 2010) (unpublished) (per curiam) (affirming a within-guidelines sentence when the appellant argued that he moved to the United States as a young child and returned to reunite with his family), *cert. denied*, 131 S. Ct. 993 (2011).

[11] *See Gall*, 552 U.S. at 49-51; *Lopez-Velasquez*, 526 F.3d at 807.

[12] *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).